## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JULIUS BROWN, U.S. BOUNTY # 1014 FD-258 FBI HQ,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM S. DEMCHAK, CAROLE BROWN, ROBERT Q. REILLY and CONSTANCE A. GIBSON,<br><br>Defendant. | Civil Action No. 21-1185<br><br>United States District Judge Robert J. Colville |

### MEMORANDUM ORDER

For the reasons stated herein, Plaintiff's Complaint (ECF No. 9) filed on October 5, 2021, will be *sua sponte* dismissed with prejudice prior to service under 28 U.S.C. §1915(e)(2) because the action is frivolous.

**I.    Procedural Background**

On September 3, 2021, a Complaint was lodged by pro se plaintiff Jerome Julius Brown, U.S. Bounty # 1014 FD-258 FBI HQ (hereinafter "Brown") without a motion to proceed in forma pauperis or the payment of a filing fee. The Court thereafter ordered Brown to either pay the filing fee or to file a motion to proceed in forma pauperis.  On September 10, 2021, Plaintiff filed a motion for leave to proceed in forma pauperis (ECF No. 4) which was granted by Order of Court dated October 5, 2021.   The Complaint was filed on October 5, 2021.

**II.    Legal Standard**

Plaintiff is proceeding *pro se* and as such, he is entitled to liberal construction of his submissions in federal court.  This means that the Court must liberally construe the factual allegations of the complaint because *pro se* pleadings, "however inartfully pleaded, must be held

1

to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons[1] who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing *Neitzke, supra*). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661,

---

[1] Although the Third Circuit has not ruled on the issue, several district courts in the Third Circuit have considered the question of whether this revised in forma pauperis statute applies only to prisoners and have concluded that it does not. *Leatherman v. Obama*, C.A. No. 12-1486, 2012 WL 5398912 (W.D. Pa. 2012) (Fisher, J.), *adopting R&R* 2012 WL 5398856 (W.D. Pa. October 22, 2012); *Harrison v. Shapiro*, No, 97–2133, 1997 WL 197950, at * 1 (E.D. Pa.1997); *Jones v. North Atlantic Treaty Organization*, No. 98–1185, 1998 WL 136511, at *1 n. 1 (E.D. Pa.1998); *McAllen v. Attic Away From Home*, No. 00–941, 2000 WL 1752618, at *2 n. 7 (D. Del. 2000). Each of these courts has found the mention of the word "prisoner" to be a typographical error, and that the Congress meant the statute to read "person." I find this reasoning to be persuasive. *See also, Anyanwutaku v. Moore*, 151 F.3d 1053 (D.C. Cir.1998); *Mitchell v. Farcass,* 112 F.3d 1483, 1484 (11th Cir.1997); *Powell v. Hoover*, 956 F.Supp. 564, 568 (M.D. Pa.1997).

2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).[2]

In determining whether a complaint fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The United States Court of Appeals for the Third Circuit has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

---

[2] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).   In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

### III.  Discussion

Presently before the Court is *Jerome Julius Brown, U.S. Bounty # 1014 FD-258 FBI HQ v. Demchak et al.,* 2:21-cv-1185-RJC, which the court notes is far from a model of clarity as it lacks specificity in its detail and relief sought. Brown, a resident of Vienna, Virginia, has named as defendants: William S. Demchak "President Executive Officer" PNC Bank (Pittsburgh), Carole Brown, Head of Asset Management, PNC Bank (Pittsburgh), Robert Q. Reilly, CFO PNC Bank (Pittsburgh), and Constance A Gibson, Home Equity Representative, PNC Bank (District of Columbia).   On the Civil Cover Sheet plaintiff indicates the basis of jurisdiction is diversity of citizenship, and further, lists the statute under which he is filing as 18 U.S.C 1344 "Bank Fraud over $100,000.00, $169,000.00 $69,000."  He describes his cause as "home equity, cashiers checks, agreements, borrowers name Jerome Brown" and seeks $500,000 dollars in damages. He attaches to his Complaint photographs of a home and it's estimated value as listed in https://www.redfin.com.  The home is located in Waldorf, Maryland.  He also attaches an affidavit submitted on September 27, 2019 which includes property owner information ("jerome julius & sabrina kimberly brown part ies [sic]"[3] and the name of a business, "Alexus us couriers & title

---

[3] We note that in his application to proceed in forma pauperis, Brown describes himself as a widow and when asked to list his spouse's employment history, he states his spouse's most recent employer as "GW Hospital Security" and the dates of employment are answered "fake her death 2014."

services."  Further, he attaches copies of what appears to be a check paid to the Charles County, Maryland Treasurers Office dated April 15, 2021 and a check paid to the Clerk of Circuit Court of Charles County, Maryland dated April 15, 2021.

Because of the early stage of this litigation, service on the Defendant has not yet been ordered or effectuated.

A criminal statute does not give rise to civil liability, unless the statute expressly provides a private cause of action. *Simpson, Jr. v. The City of Coatesville*, No. 12-4803, 2015 WL 7251546 at *6 (E.D. Pa. Nov. 17, 2015) (citing *Frank B. Fuhrer Wholesale Co. v. MillerCoors* LLC, No. 13-1155, 2013 WL 5875819 *6 (W.D. Pa. Oct. 30, 2013).

Plaintiff alleges that defendant violated 18 U.S.C. § 1344,[4] which provides for criminal penalties and does not create a private right of action. *Campbell v. M&T Bank*, No. 3:16-CV-118, 2017 WL 1091939, at *6 (W.D. Pa. Mar. 22, 2017), citing *Edmonds v. Seavey*, No. 08-cv-5646, 2009 WL 2949757, at *6 (S.D.N.Y. Sept. 15, 2009) ("there is no private cause of action under 18 U.S.C. § 1344" (citation omitted)); *Holmes v. MBNA Am. Bank, N.A.*, No. 5:05-cv-16, 2007 WL 952017, at *1 (W.D.N.C. Mar. 27, 2007) ("18 U.S.C. § 1344 is a criminal statute and provides no private right of action"); *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005) (no private right of action exists under 18 U.S.C. § 1344).

---

[4] 18 U.S.C.A. § 1344 provides:
Whoever knowingly executes, or attempts to execute, a scheme or artifice--
　　　　(1) to defraud a financial institution; or
　　　　(2) to obtain any of the moneys, funds, credits, assets, securities, or other property　　owned by, or under the custody or control of, a financial institution, by means of　　　　false or fraudulent pretenses, representations, or promises;
shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

To the extent plaintiff alleges a cause of action for any other form of fraud, or some other allegation to support the nature of the suit to be "banks and banking" as set forth in the Civil Cover Sheet, his complaint is completely lacking in any meaningful claim and is further lacking in any factual support whatsoever.   Plaintiff's claim is based on an indisputably meritless legal theory and should therefore be dismissed, *sua sponte*, pursuant to 28 U.S.C. §1915(e)(2).  *Neitzke*, 490 U.S. at 328.   Therefore, the court finds that the complaint should be dismissed as frivolous, with prejudice, as it would be futile for Plaintiff to amend his claims. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

AND NOW, this 5th day of October, 2021, for the reasons set forth herein, the Complaint in this matter will be dismissed, with prejudice, as frivolous pursuant to the screening provisions of 28 U.S.C. 1915(e)(2). The motion for preliminary injunction (ECF No. 7) is denied as moot.

Dated this 5th day of October, 2021.

s/Robert J. Colville  
United States District Judge

cc:   Jerome Julius Brown  
      2700 Bell Forest Ct.  
      #310 Condo  
      Vienna, Va 22180  
      Via Email: ACFGEIN@GMAIL.COM